**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DENISE TURK, | ) | No. EDCV 11-265-CW |
| Plaintiff, | ) ) | DECISION AND ORDER |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of supplemental security income (SSI) Benefits. The court finds this matter should be reversed and remanded for further administrative proceedings consistent with this decision and order.

### I. BACKGROUND

Plaintiff Denise Turk was born on March 27, 1944, and was sixty-seven years old at the time of her last administrative hearing. [Administrative Record ("AR") 274.] She has a high school education

and past relevant work experience as a teacher. [AR 273.] Plaintiff alleges disability due to asthma, back and shoulder pain, joint pain, and mood disorders and depression.

## II.   PROCEEDINGS IN THIS COURT

On October 19, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III.   PRIOR PROCEEDINGS

Plaintiff applied for SSI benefits under Title XVI of the Social Security Act in 2005, alleging disability since November 23, 2002. [AR 267.] After initial review and a hearing, her application was denied. [AR 7-13.] When that decision became final, Plaintiff sought review in this court in case number CV07-1450-CW. The matter was ultimately remanded for further administrative proceedings. [See AR 285-93.]

A second hearing was held on April 9, 2009. [AR 672-93.] On July 1, 2009, the Administrative Law Judge ("ALJ") issued a second unfavorable decision. [AR 278-84.] The Appeals Council granted Plaintiff's request for review and again remanded the case to the ALJ. [AR 309-311.] A third hearing was held on May 18, 2010, before a different ALJ. [AR 694-99.] The ALJ held a supplemental (fourth) hearing on July 27, 2010. [AR 700-22.] The ALJ then held another supplemental (fifth) hearing on October 20, 2010. [AR 723-35.] On December 23, 2010, the ALJ issued an unfavorable decision. [AR 264-75.] When the Appeals Council denied review the ALJ's decision became the Commissioner's final decision. These proceedings followed.

### IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the

claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

In the relevant hearing decision, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 21, 2005, the application date (step one); that Plaintiff had "severe" impairments of major depressive disorder, personality disorder, degenerative arthritis involving the spine and right shoulder, and cervical radiculopathy (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 269.]

The ALJ found that Plaintiff had the following RFC:

> [T]o perform medicum work as defined in 20 CFR 416.967(c)

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

>           except that [Plaintiff] can stand, walk and/or sit no more
>           than six hours out of eight with normal breaks such as every
>           two hours, lift and/or carry no more than 40 pounds
>           occasionally and 20 pounds frequently and can no more than
>           occasionally stoop and bend.  She is limited to no more than
>           occasional work above shoulder level on the right and is
>           without limitation on the left.  The [Plaintiff] can climb
>           stairs but not ladders, work at heights or balance and her
>           work environment should be air-conditioned and free of
>           excessive inhaled pollutants such as an office or this
>           hearing room.  Mentally the [Plaintiff] is limited to simple
>           repetitive work requiring no interaction with the general
>           public, hypervigilance or fast paced type work.

[AR 271.] He then found Plaintiff is not capable of performing her past relevant work as a kindergarten teacher (step four). [AR 273.] Considering Plaintiff's age, education, work experience, RFC and work skills acquired from past relevant work, the ALJ found that Plaintiff could perform other work existing in significant numbers in the national economy (step five). [AR 274.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

**C.  ISSUES IN DISPUTE**

The Joint Stipulation identifies as disputed issues whether:

1. The ALJ complied with the order of the Appeals Council requiring the ALJ to properly consider Plaintiff's subjective complaints; and

2. The hearing decision is inconsistent with the Dictionary of Occupational Titles ("DICOT") in that the ALJ found Plaintiff can perform the job of Hand Packager.

[Joint Stipulation "JS" 3.]

**D.    ISSUE ONE: APPEALS COUNCIL REMAND ORDER**

The first issue turns on whether the ALJ adequately followed the Appeals Council remand order and considered Plaintiff's subjective symptoms, and, particularly, whether she suffers from adverse side effects from medications. [AR 310.]

As an initial matter, while it is correct that the Appeals Council order directed the ALJ to address these issues, by its terms the order did so to comply with this court's instructions on remand. [See AR 309.] However, Plaintiff's prior matter was remanded for further development of the record only with respect to the narrow issue of whether the ALJ adequately evaluated the record with respect to Plaintiff's depression, and not with respect to Plaintiff's subjective complaints or side effects.  [See AR 285-93.]

In any event, the ALJ adequately addressed Plaintiff's subjective complaints and any alleged side effects.  First, after laying out and assessing the medical evidence that relates to Plaintiff's subjective complaints, the ALJ directly summarized and discounted her testimony and complaints as follows:

> [Plaintiff] was not a fully credible witness. [She] testified that she was currently undergoing psychiatric treatment for depression and is prescribed Wellbutrin, Celexa and Amblify.  She said that she sees her therapist once a month which "helps."  Her testimony over several hearings has ranged from complaints of shortness of breath, asthma, pneumonia, chronic back and joint pain, chronic fatigue and depression over her physical condition.  There have been no specific findings of an orthopedic impairment or limitations imposed despite her allegations of back and joint

> pain. She testified that her back pain did not bother her in
> April 2005 and that her neck and back pain started only three
> months ago. From late 2005, she estimated that she could sit one
> hour, stand a little less than 45 minutes and lift a maximum of
> 20 pounds. The medical records show normal pulmonary function
> tests and chest x-rays and despite her testimony that she has had
> asthma for 20 years has only seen a physician for this problem
> since April 2005. [Plaintiff] has conceded that she applied for
> disability due to a physical not a mental impairment. She
> voluntarily left work in June 2005 when she was working for a
> friend labeling gemstones and despite not really describing any
> significant daily activities there is no impairment credibly
> established in the record which would significantly limit her
> daily activities.

[AR 273.]

Plaintiff does not persuasively point to any subjective statement or limitation that the ALJ ignored in this discussion, or that would alter the finding of nondisability in this case. In particular, notwithstanding Plaintiff's allegations here, the ALJ explicitly discussed Plaintiff's subjective evaluation of her own ability to sit, stand, and lift and rejected her assessment based on his findings that (1) her statements were inconsistent with the medical record as a whole; (2) that she was not credible overall; and (3) the medical evidence established lesser limitations than those to which she testified. [See AR 269-73.] Because these findings were specific and based upon substantial record evidence, the law does not require more. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)("The ALJ must specify what testimony is not credible and identify the evidence that

undermines the claimant's complaints. . . ."); <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039 (9th Cir. 2008)(the ALJ is required to "make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony.")

    To the extent Plaintiff contends the ALJ should have addressed the side effects of her medications, for the most part the record reflects that Plaintiff reported no side effects to her physicians and that, to the extent she did, her complaints were of mild and sporadic problems that would not have impacted her RFC. [<u>See</u> AR 672-735, 636, 644.] <u>Howard v. Barnhart</u>, 341 F.3d 1006, 1012 (9th Cir. 2003)(while the ALJ must consider the "combined effect" of the claimant's impairments, the ALJ need not "discuss every piece of evidence."(<u>citing</u> <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984))); <u>Vincent</u>, 739 F.3d at 1394 (The ALJ is required only to explain why evidence that is significant and probative of a disability has been rejected). Indeed, the only alleged report of a side-effect Plaintiff points to in her portion of the joint stipulation [<u>see</u> JS at 7] was an ambiguous reference in Plaintiff's testimony before the ALJ, i.e., that additional medication had been recently added because she was sleeping a lot and because it would help her with her mood. [AR 706.] While this testimony could conceivably support the inference that Plaintiff's sleepiness was a side-effect of her current medication, it could equally support the inference that the sleepiness was a symptom of Plaintiff's long-standing complaints of chronic fatigue and depression.  Where the evidence is thus susceptible of more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. <u>Key v. Heckler</u>, 754 F.2d 1545, 1549

9

(9th Cir. 1985).

For all these reasons, any error here would be harmless. <u>Stout v. Commissioner of Soc. Security Admin.</u>, 454 F.3d 1050, 1056 (9th Cir. 2006)(holding that an error may be harmless when it is inconsequential to the ultimate nondisability determination)(<u>citing</u>, <u>inter alia</u>, <u>Matthews v. Shalala</u>, 10 F.3d 678, 681 (9th Cir. 1993)(as concluding that an error was harmless that occurred during hypothetical the ALJ was "not required" to ask)). Remand is not warranted with respect to this issue.

**E.  ISSUE TWO: DICOT**

In issue two, Plaintiff contends the decision is in error because she is unable to perform the job of hand packager, DICOT 920.587-018, which was proposed by the Vocational Expert ("VE") and adopted by the ALJ at step five of the hearing decision. [<u>See</u> AR 274-75, 732-33.] Although Plaintiff is incorrect to suggest that this job exceeds her ability to lift and carry, in that the VE eroded the numbers to account for her limitations in that regard [AR 732-33], reversal is nonetheless warranted because other requirements of this job, and the alternate job opined by the VE but not addressed in the decision, facially exceed Plaintiff's capacities.

Defendant does not dispute that by its terms the DICOT definition of the hand packager job exceeds Plaintiff's RFC. [JS at 18.] Specifically, for example, the job requires Plaintiff to balance occasionally and calls for frequent exposure to extreme heat, <u>see</u> DICOT 920.587-018, 1991 WL 687916, whereas Plaintiff's RFC precludes her from both [AR 272, 732].

Defendant contends, however, that the error is harmless because the VE also opined that Plaintiff could perform work as a hospital

cleaner [AR 733], DICOT 323.687-010, 1991 WL 672782, which job exists in significant numbers even when eroded to account for Plaintiff's inability to engage in the full range of medium work. [See AR 733.] This argument is unpersuasive. The requirements for the hospital cleaner job likewise exceed Plaintiff's RFC. Specifically, for example, a hospital cleaner is required to stoop frequently, DICOT 323.687-010, 1991 WL 672782, whereas Plaintiff retains the ability to stoop only occasionally [AR 271].

When, as here, the opinion of the VE deviates from or conflicts with the DICOT definitions, the ALJ may adopt the VE's testimony only if the record contains "'persuasive evidence to support the deviation.'" Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001)(quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)(additional citations omitted)). Because the ALJ failed to address this discrepancy, it is unclear whether there is persuasive evidence supporting the VE's deviation from the DICOT and, therefore, whether there remain jobs in significant numbers that Plaintiff could perform. Consequently, reversal is warranted to further develop the record in this limited respect.

**F.    REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved

before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, the ALJ erred in failing to discuss the apparent deviation between the VE's testimony and the DICOT and whether significant numbers of jobs exist that Plaintiff can perform notwithstanding that deviation. Thus, outstanding issues remain before a determination can be made, and remand for further administrative proceedings is appropriate. See e.g., Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability).

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. §405(g), for further administrative proceedings consistent with instructions set forth in the body of the decision.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: January 3, 2012

_____
CARLA M. WOEHRLE
United States Magistrate Judge